**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIL JOHN VODONICK II,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,<br><br>          Defendant-Appellee,<br><br> and<br><br>FEDERAL HOME LOAN MORTGAGE ASSOCIATION, INC., a Federally Chartered Corporation, all persons claiming any right, title or interest in certain real property,<br><br>          Defendant. | No.   20-16116<br><br>D.C. No.<br>2:15-cv-00539-JAM-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff John Vodonick ("Vodonick") appeals the district court's order granting summary judgment to defendant Federal National Mortgage Association ("Fannie Mae"). We review the summary judgment grant de novo, *First Pac. Bank v. Gilleran*, 40 F.3d 1023, 1024 (9th Cir. 1994), and we affirm.

Vodonick challenges the validity of a nonjudicial foreclosure of a property that is next to his personal residence, alleging that Fannie Mae failed to give proper notice postponing the foreclosure sale. Under California law, a non-judicial foreclosure sale may be postponed at the discretion of the trustee, and the postponement shall be publicly announced "by the trustee at the time and place last appointed for sale." Cal. Civ. Code § 2924g(d). Vodonick alleges that his agent, Michael Nudelman, appeared at the Nevada County courthouse at the originally scheduled time for the sale but did not hear any announcement postponing the sale. In the opposition to the summary judgment motion, Vodonick referenced a declaration from Nudelman "filed concurrently herewith" to support these assertions but failed to actually file this declaration with his opposition.[1]

---

[1] In his appellate briefing, Vodonick cites to a declaration by Nudelman at ER 135-36, but this declaration was actually filed with an opposition to a different summary judgment motion nearly three years earlier. The district court needed to consider only the materials submitted with the motion papers and had no obligation to examine the entire file for evidence establishing a genuine issue of fact. *See*

2

Fannie Mae, on the other hand, submitted a sworn declaration from auctioneer Dana Haemmig that attests she appeared on the scheduled sale date at the entrance to the Nevada County courthouse and announced the sale was postponed to December 1, 2014. Her employer, Summit Ridge Services, Inc., provided business records including the auctioneer's script Haemmig prepared for the postponement, which postpones the sale until December 1, 2014, and indicates that two people were present when she made the announcement.

Fannie Mae also attached portions of Nudelman's deposition to its motion. At best, the testimony indicates Nudelman was present but did not actually hear the postponement, as he was periodically across the street talking to a friend, inside the courthouse, or seated behind a pillar to the side of the courthouse steps. As the district court noted, actual notice is not required "so long as notice is provided . . . in compliance with the statute." *Knapp v. Doherty*, 123 Cal. App. 4th 76, 88 (2004). Unsupported assertions made in the complaint and moving papers are insufficient to establish a genuine issue of material fact. *Flaherty v. Warehousemen, Garage & Serv. Station Employees' Local Union No. 337*, 574 F.2d 484, 486 n.2 (9th Cir. 1978). Accordingly, we affirm the grant of summary judgment on this claim.

---

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001).

Vodonick's second claim for declaratory relief asks the court to declare he is vested in an easement over the neighboring property "to access Mosquito Creek and Deer Creek for purposes of recreation, to maintain defensible fire protection perimeter, and as an emergency water source." However, as the court noted, Vodonick holds an express easement "for access and recreation" over the westerly five feet and the northerly fifty feet of the neighboring property. There is no dispute regarding the title to or location of this written easement, and thus the court found no substantial controversy or need for declaratory relief.

To the extent Vodonick seeks an expansion of this easement "by implication," the court correctly concluded that the parties' intent was clear from the terms of "the express easement detailing the scope of Plaintiff's access to the neighboring property," and therefore obviates the need for any easement by implication. *See Mikers v. Rager*, 232 Cal. App. 3d 334, 357 (1991) ("An implied easement may arise when . . . the law implies an intent on the part of the parties to a property transaction to create or transfer an easement even though there is no written document indicating such an intent."). Moreover, "a judgment quieting title cannot enlarge the grant made by the parties." *Hansen v. Danielson*, 136 Cal. App. 2d 653, 656 (1955).

**AFFIRMED.**

4