# Southern Ry. Co. *v.* Cooper.

## *Failure to Deliver Freight.*

(Decided June 4, 1914. 65 South. 675.)

*Carriers; Freight; Non-Delivery; Damages.*—In an action for damages for failure to deliver freight consigned to it, where plaintiff sought to recover upon the basis of the market value of the logs at the place of destination, the carrier is entitled to set off the freight charges which would have been collected had the freight been delivered, for otherwise plaintiff would be placed in a better position than he would had the contract of shipment been fulfilled.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by J. N. Cooper against the Southern Railway, for failure to deliver freight. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BESTOR & YOUNG, and WILSON & TUCKER, for appellant. The burden was on defendant to prove its plea of set off, and it should have been permitted to introduce evidence to support it.—*Brigham v. Carlisle*, 78 Ala. 247; *McWilliams v. Phillips*, 71 Ala. 82. Plaintiff is entitled to indemnity and nothing more.—*Rose v. Bozeman*, 41 Ala. 678. The measure of the damage is the value of the logs at Mobile with interest from the date they should have been delivered, less cost of carriage.—Sec. 5514, Code 1907; *Capehart v. Granite Mills*, 97 Ala. 353; *Buist v. Guice*, 96 Ala. 255; 16 S. W. 441; 30 S. W. 715; 133 Mass. 158.

T. J. BEDSOLE, and WEIL, STAKELY & VARDAMAN, for appellee. Notice was given as required by the statute. —Sec. 5604, Code 1907. Such section is a part of the contract of shipment.—*G.-A. Prod. Co. v. Ill. Cent.*, 58

South. 994. The court submitted the question of damages to the jury as it should have done, the damages being measured by the provisions of section 5514, Code 1907.

WALKER, P. J.—The complaint as amended contained two counts claiming damages for the alleged failure of the defendant to deliver certain logs received by it as a common carrier to be delivered at Mobile for a reward, and one count claiming damages for its alleged failure to deliver said logs within a reasonable time. Issue was joined on a special plea, which averred that the plaintiff was indebted to the defendant for specified freight and demurrage charges on the logs, and offered to set off said sums against the demand of the plaintiff. The plaintiff introduced evidence tending to prove that at the time of the shipment of the logs their market value was $11 per thousand feet, and that their market value in Mobile was $12.50 per thousand feet. The defendant excepted to rulings of the court the effect of which was to exclude evidence offered by it of the amount of freight on the logs from the place from which they were shipped to Mobile.

The court was in error in these rulings. The damages recoverable by the plaintiff for the defendant's failure to deliver the logs at Mobile are measured by their value at that place, less the cost of carrying them to it.—*Capehart, et al. v. Granite Mills,* 97 Ala. 353, 12 South. 44; *Buist v. Guice,* 96 Ala. 255, 11 South. 280; Code 1907, § 5514.

"The plaintiff is limited to a just compensation for his actual loss—is entitled to an indemnity, and nothing more; and, consequently, is never to be placed in a better situation than that in which he would have been had the contract been fulfilled."—*Rose's Exr. v. Bozeman,* 41 Ala. 678.

19 CA

If the logs had been delivered to the plaintiff at Mobile, the freight paid for carrying them to that place would have been an element of their value there. If he is permitted to recover their market value there without any deduction for that item of expense, he recovers as damages an amount greater than the actual loss he sustained by the defendant's failure to deliver. The effect would be to allow him to include in his recovery the amount of an outlay which he has not made.

Reversed and remanded.