(109 So. 881)

LOUISVILLE & N. R. CO. v. ALLEGRI.
(6 Div. 636.)

(Supreme Court of Alabama.    June 30, 1926. Rehearing Denied Nov. 4, 1926.)

1. Appeal and error ⬤➡1068(4)—Error in instruction that damage would be difference between market value of cucumbers as they arrived and as they should have arrived, in not requiring deduction of unpaid freight charges held harmless, in view of verdict for invoice price at point of origin.

Error in instruction that shipper's damage would be difference between reasonable market value of cucumbers as they actually arrived at destination and reasonable market value had there been no fault by railroad, in not requiring deduction of unpaid freight charges from market value at destination, was not prejudicial where jury awarded only the invoice price at shipping point.

2. Carriers ⬤➡135.

In shipper's action for damages carrier is entitled to deduction of unpaid freight charges without formal plea.

3. Appeal and error ⬤➡1048(5).

In absence of evidence that solid doors of ventilator car were closed, question as to effect on cucumbers if screen door or ventilators should be closed for considerable distance or if doors should "jar to" was error, but, in view of answers, harmless.

4. Carriers ⬤➡136.

Whether railroad met burden of showing that decay of cucumbers was due to causes inherent in them, held for jury.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by A. G. Allegri, doing business as A. G. Allegri & Co., against the Louisville & Nashville Railroad Company, for damages to a carload of cucumbers damaged in transit. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Jones & Thomas, of Montgomery, McClellan, Rice & Stone, of Birmingham, Lucien D. Gardner, Jr., of Birmingham, and J. Kirkman Jackson, of Birmingham, for appellant.

If damage to the goods results from a defect inherent in them, the carrier is not liable. Atlantic Coast Line R. Co. v. Dothan Ins. Agency, 16 Ala. App. 623, 80 So. 627; Louisville & N. R. Co. v. Farmers' Produce Co., 17 Ala. App. 388, 85 So. 578; The Ship

Howard v. Wissman, 18 How. 231, 15 L. Ed. 363. All the testimony shows that defendant dispatched the car without delay; that the goods were refused because decay and disease had rendered them unsalable. Defendant was due the affirmative charge. St. Louis & S. F. R. Co. v. Musgrove, 153 Ala. 274, 45 So. 229; Louisville & N. R. Co. v. McKenzie, 5 Ala. App. 605, 59 So. 345; Empire State Cattle Co. v. Atchison T. & S. F. R. Co., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70. Defendant having traced the damage to a cause for which it was not responsible, the burden of going forward was upon the plaintiff. Western Transp. Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160; Memphis & C. R. Co. v. Reeves, 10 Wall. 176, 19 L. Ed. 909; Davis v. Zimmern, 211 Ala. 63, 99 So. 307. The trial court erred in orally charging upon the measure of damage. Southern R. Co. v. Prescott, 240 U. S. 632, 36 S. Ct. 469, 60 L. Ed. 836; Buist v. Guice, 96 Ala. 255, 11 So. 280; Central of Georgia R. Co. v. Sims, 169 Ala. 295, 53 So. 826; Southern R. Co. v. Harrison, 119 Ala. 539, 24 So. 552, 43 L. R. A. 385, 72 Am. St. Rep. 936; 10 C. J. 396, 403; Code 1923, § 10010; Capehart v. Granite Mills, 97 Ala. 353, 12 So. 44. Questions by plaintiff as to the effect upon the cucumbers of closing the doors of the car were erroneously allowed. 1 Wigmore on Evi. (2d Ed.) § 682 (2).

M. B. Grace, of Birmingham, for appellee.

In this case the question of negligence was for the jury. Alabama & V. R. Co. v. American Cotton Oil Co., 249 F. 308, 161 C. C. A. 316; Shepherd Cotton Co. v. New Orleans, M. & C. R. Co., 118 Miss. 464, 78 So. 193. The affirmative charge is improper, where there are questions and inferences growing out of facts as to negligence, and the question of negligence is one for the jury. Alabama Iron Co. v. Smith, 155 Ala. 287, 46 So. 475; Alabama Great Southern R. Co. v. Demoville, 167 Ala. 292, 52 So. 406; Louisville & N. R. Co. v. Hutcherson, 174 Ala. 609, 57 So. 379. Defendant must have set up the amount of freight charges due by means of a plea of set-off or recoupment. Southern R. Co. v. Cooper, 10 Ala. App. 576, 65 So. 676.

SOMERVILLE, J. [1] The trial judge instructed the jury that:

"The measure of plaintiff's damage [if entitled] would be the difference between the reasonable market value of the cucumbers as they actually arrived in Salt Lake City and the reasonable market value of the cucumbers, had there been no fault on the part of the railroad company; in other words, the reasonable market value of the cucumbers had they been in the condition they would have been in, had there been no fault on the part of the railroad company."

The evidence showed that the freight charges had not been paid on the shipment in question, except to the extent of $172.72, the proceeds of the sale of the cucumbers by the delivering carrier, and that there remained due for transportation the sum of $316.51. That being true, under all the authorities, the market value of the cucumbers at Salt Lake City, the point of delivery, was subject to a deduction of the unpaid freight charges —that being the net value at that point. Echols v. L. & N. R. R. Co., 90 Ala. 366, 7 So. 655; Capehart v. Granite Mills, 97 Ala. 353, 12 So. 44; Buist v. Guice, 96 Ala. 255, 11 So. 280; 10 Corp. Jur. 403, § 621.

[2] The transportation of a commodity from the point of production to other points and markets is an element that enters into and forms a part of its value at the latter places; and the shipper who has not paid the carrier's charges therefor cannot justly have the benefit of an increased value contributed by the labor of the carrier, in an action against the latter. The principle does not depend upon the question of set-off or recoupment, and it is not necessary for the carrier who invokes it to claim the freight charges by formal plea, unless a judgment therefor is sought against the shipper—or consignee—plaintiff. The case of Southern R. Co. v. Cooper, 10 Ala. App. 576, 65 So. 676, relied upon by counsel for appellee, not only does not deny the principle, but specifically affirms it. The fact that, in that case, the defendant pleaded its claims for freight and demurrage and offered to set them off against the plaintiff's claim had nothing to do with the principle there recognized and applied:

"If the logs had been delivered to the plaintiff at Mobile, the freight paid for carrying them to that place would have been an element of their value there. If he is permitted to recover their market value there, without any deduction for that item of expense, he recovers as damages an amount greater than the actual loss he sustained by the defendant's failure to deliver."

The instruction complained of was erroneous in not requiring the deduction of unpaid freight charges from the market value of the shipment at Salt Lake City. But the error does not appear to have been prejudicial to defendant, since the jury awarded to plaintiff as damages only the invoice price of the cucumbers f. o. b. the cars at the point of shipment ($528) and disregarded the value at Salt Lake City, which was shown to be $1,500 or upwards.

[3] In the absence of any evidence tending to show that the solid doors of the ventilator car had been closed during the transit, it was improper to allow witnesses to be asked by plaintiff as to what effect it would have on the cucumbers, "if the screen doors or the ventilators should be closed for any considerable distance during the transit of

the cucumbers"; and, "If those doors should jar to in transit, what would be the effect of excluding the air from circulating through the car?" But the witness who answered the first question stated that the effect would be very little, if any; and the witness who answered the latter question stated, quite unintelligibly, "It would." We do not think that any material harm could have resulted to defendant from these answers, and hence the errors in allowing the questions would not justify a reversal of the judgment.

[4] It is insisted with much force and plausibility that defendant was entitled to the general affirmative charge, as requested, this on the theory that defendant has met the burden imposed upon it by law of showing that the deterioration and decay of these cucumbers apparent upon their arrival at Salt Lake City were not the result of any negligence on its part as carrier, but were due to causes inherent in them, either to the natural tendency to decay during their necessarily long period of transit or to the morbid process of a vegetable disease with which they were affected.

The shipment was made on June 6, 1924, and arrived at Salt Lake City on June 13, following. During the transit sharp variations of temperature must have been encountered—a recognized cause of decay in vegetables and fruits containing, as do cucumbers, a large percentage of water. It seems to us that the more reasonable conclusion is that the condition of this shipment, after seven days of transit from a comparatively low, hot country to a much higher and cooler one, was due to natural processes for which the carrier is not responsible.

But the conclusion, either way, rests in inference, and this inference was one for the jury to draw from all the facts in evidence and cannot be declared as a matter of law by the court. Hence the general charge was refused without error.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.