Henry F. **CHARTIER** and **Seymour J. Goldman**, Trustees of the Building Service Employees Retirement and Pension Fund, Local 32E, A.F.L., under an Indenture of Trust dated June 15, 1955

v.

**EMPIRE MUTUAL INSURANCE COMPANY.**

**Civ. A. No. 33252.**

United States District Court
E. D. Pennsylvania.

Jan. 6, 1964.

Harry W. Steinbrook, of Steinberg, Richman, Price & Steinbrook, Philadelphia, Pa., for plaintiffs.

Charles A. Lord, of Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa., for defendant.

BODY, District Judge.

This matter comes before the Court on motion of plaintiff-trustees for summary judgment under Rule 56, Federal Rules of Civil Procedure.

In the complaint it is alleged that defendant, Empire Mutual Insurance Company, on June 22, 1962 executed and delivered to plaintiffs a written obligation under seal in which defendant agreed to pay, as surety, thirty thousand dollars ($30,000.00) plus interest at six percent (6%) per annum from the date of default on the primary obligation.

It is further alleged that default occurred on February 22, 1963 and has continued to the present. The obligation became due and payable in its entirety on default, at plaintiffs' option. Plaintiffs notified defendant of the default and exercise of their option on March 18, 1963 and made demand of defendant for payment.

All of the above allegations are admitted by defendant with one exception. Defendant claims that it does not know and has no way of ascertaining whether there was ever in fact a default.

If the record was complete as above described, a factual issue would be outstanding as to whether a default on the part of the original obligors has occurred.

However, plaintiffs in support of the motion for summary judgment have attached affidavits which clearly establish the fact of default and the date thereof. Defendant asks this Court to deny the

motion on the bare proposition that it is not known to defendant whether or not default occurred, and in support of this cite the proposition that facts well pleaded will effectively raise a factual defense. Reynolds Metals Co. v. Metals Disintegrating Co., 176 F.2d 90 (3 Cir. 1949); Frederick Hart and Co. v. Recordgraph Corp., 169 F.2d 580 (3 Cir. 1948). This is no longer the law in this or any Circuit.

Rule 56(e), F.R.Civ.P. as Amended effective July 1, 1963 states:

> " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

If defendant's position be here construed as a request for time to ascertain the actual state of facts; it comes with bad grace. The complaint was filed April 11, 1963. Defendant's officers were deposed on August 30, 1963. By this time defendant has had more than ample opportunity to ascertain what the facts are, if indeed they be contrary to those established by plaintiffs.

## ORDER

And now, this sixth day of January, 1964, in accordance with the foregoing Opinion, it is ordered that the motion of plaintiffs for summary judgment be and the same is hereby granted, and the Clerk of the Court is directed to enter judgment for plaintiffs and against the defendant in the amount of thirty thousand dollars ($30,000.00) together with interest at six percent (6%) per annum thereon from January 22, 1963.