Joseph RUDDY, Plaintiff,

v.

The UNITED STATES FIDELITY AND GUARANTY COMPANY and the Hartford Steam Boiler Inspection and Insurance Company, Defendants.

Civ. No. 9026.

United States District Court
M. D. Pennsylvania.

Aug. 11, 1966.

James M. Scanlon, Scranton, Pa., for plaintiff.

O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., for defendant U. S. Fidelity & Guaranty Co.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant Hartford Steam Boiler Inspection & Insurance Co.

---

**SHERIDAN, Chief Judge.**

This is a motion by defendant, The United States Fidelity and Guaranty Company (Fidelity), to dismiss the complaint or for summary judgment.[1]

Plaintiff, Joseph Ruddy, was an employee of H. N. Gardner Company (Gardner), a heating and plumbing contractor engaged to perform work in the boiler room of the Scranton State Hospital. Fidelity was the Workmen's Compensation insurance carrier for Gardner. On July 31, 1964, while the plaintiff was working in the boiler room, a pipe broke and plaintiff was scalded. The complaint charges that Fidelity, in its capacity as the insurance carrier for Gardner, undertook to inspect the premises of the hospital, and that it negligently inspected the broiler as a result of which plaintiff was injured. Plaintiff admits that Fidelity did not have a duty to inspect the premises, but contends it is liable because it was negligent in making a gratuitous inspection.

In support of its motion for summary judgment, Fidelity filed an affidavit by Harold Steussing, Safety Representative of Fidelity, that Fidelity did not know or have reason to know that employees of Gardner were engaged in work at the hospital, and that Fidelity never inspected or undertook to inspect the hospital premises. An affidavit by Forest Gardner, a co-owner of Gardner, stated that Gardner did not rely on Fidelity to make any inspection of the hospital premises, that Gardner never requested Fidelity to make any such inspection, and that Gardner did not receive a report that any inspection had been made. Other affidavits showed that Fidelity was merely the compensation carrier.

In view of the denial of inspection, at the initial argument on the motion for summary judgment, plaintiff was given time to develop, through discovery, any matters bearing on inspection. Plain-

---

1. Defendant, The Hartford Steam Boiler Inspection and Insurance Company, the insurer of the hospital's boiler system, filed an answer to the complaint.

tiff did not file counter-affidavits, and at the second argument counsel admitted he had no evidence of inspection by Fidelity.

Summary judgment is proper if the pleadings and other matters of record, including affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. Fidelity's uncontradicted affidavits show clearly it did not inspect the premises. Since the fact of non-inspection is established, the law that a party who negligently performs a gratuitous undertaking may incur liability, Pascarella v. Kelley, 1954, 378 Pa. 18, 105 A.2d 70, is of no help to plaintiff. This case is unlike Mays v. Liberty Mutual Ins. Co., 3 Cir. 1963, 323 F.2d 174, in which the defendant admitted that it did undertake some safety inspection, thereby creating a genuine issue as to whether there was an enforceable duty.

Plaintiff argues that even though it has not been able to contradict Fidelity's affidavits, summary judgment cannot be granted because the complaint alleges a negligent inspection by Fidelity, and that this creates a fact issue regardless of whether matters outside the pleadings, which are contradictory to Fidelity's affidavit, were presented. He relies on Reynolds Metal Co. v. Metals Disintegrating Co., 3 Cir. 1949, 176 F.2d 90, and Frederick Hart & Co. v. Recordgraph Corp., 3 Cir. 1948, 169 F.2d 580. Prior to the 1963 amendment of Rule 56, this contention was the law in the Third Circuit. The rule was amended, however, to specifically provide that when a motion for summary judgment is supported by affidavits, an adverse party may not rest upon the mere allegations or denials of his pleading, but must respond, by affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. It is now clear that affidavits can be used to cut through well pleaded allegations. One of the prime purposes of summary judgment is to pierce the pleadings. 6 Moore, Federal Practice, Para. 56.11[3]. "Stubborn reliance upon allegations and denials in the pleadings will not alone suffice, when faced with affidavits or other materials showing the absence of triable issues of material fact." Id. at page 2170.

The motion for summary judgment will be granted.

In view of this disposition, it is not necessary to consider the motion to dismiss.