## H. DAROFF & SONS, INC.

### v.

### STRICKLAND TRANSPORTATION CO., Inc.

#### Civ. A. No. 43082.

United States District Court
E. D. Pennsylvania.
May 10, 1968.
As Modified May 20, 1968.

Harry Norman Ball, Philadelphia, Pa., for plaintiff.

Frank Rogers Donahue, Jr., Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

Plaintiff has brought this civil action against the defendant-carrier, Strickland Transportation Inc., claiming damages arising from Strickland's loss of four shipments of men's clothing. made by plaintiff between August 29, 1966, and October 3, 1966. Federal jurisdiction of this action is based upon the provisions of the Interstate Commerce Act, Title 49 U.S.C.A. § 20(11), and upon Title 28 U.S.C.A. § 1337.

Plaintiff has moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the basis that there " * * * is no genuine issue as to any material fact * * *" and that he " * * * is entitled to judgment as a matter of law * * *" See, Rule 56(c). Plaintiff supports this motion by reference to admissions of material fact on file, by his answers to defendant's interrogatories, and by five evidentiary affidavits sworn to by plaintiff's shipping manager and the four consignees to whom the shipments were sold. Defendant opposed the plaintiff's motion at the oral argument conducted in December, 1967, but he has at no time filed any opposing affidavits or the form of affidavit authorized by Rule 56(f) when " * * * a party opposing the motion * * * cannot * * * present by (evidentiary) affidavit facts essential to

justify his opposition." For reasons discussed below this Court must grant the plaintiff's motion and enter summary judgment for him on the issue of liability. The record does not indicate clearly whether there also is an absence of dispute concerning certain facts which are material to the issue of defendant's damages, and, accordingly, decision on plaintiff's motion for summary judgment, insofar as it is directed to this issue, will be stayed for a period of thirty days.

The material facts underlying plaintiff's complaint are as follows:

(1) that five cartons were shipped by plaintiff to four different consignees;

(2) that the defendant accepted these cartons, issued Uniform Bills of lading to the plaintiff, and subsequently failed to deliver any of the cartons to the consignees;

(3) that the cartons contained various items of men's clothing;

(4) that, at the time of shipment, the contents of the cartons were in good order and condition;

(5) that the cartons were properly packaged and labeled;

(6) that the sum of the invoice values of the goods shipped was $3536.65 (the four individual amounts were $1242.00, $505.00, $1004.00, and $786.65).

In his answer defendant admitted facts (1) and (2) above, and denied facts (3) through (6). In support of his motion, plaintiff submitted five affidavits which incorporated attached Bills of Lading and copies of the invoices. These documents contained sworn statements to the effect that: 1) the cartons contained various items of men's clothing; 2) the contents of the cartons were in good order and condition at the time of shipment; 3) the cartons were packed and labeled properly; 4) the sum invoice value of the goods shipped was $3536.65; and 5) the declared value of the goods was $4050.00.[1] Pursuant to Rule 56(e)

---

1. Plaintiff's affidavits complied with the requirements set forth in Rule 56(e), i. e. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show af-

the plaintiff supplemented these affidavits with his answers to defendant's interrogatories which more precisely specified the items of clothing involved. In these answers he explained also that the invoice values referred to in his complaint represented " * * * wholesale uniform prices charged to all retailers * * * "

■ Plaintiff's evidence thus substantiates each of the facts which the defendant had denied in his answer. As noted supra, p. 511, the defendant has not presented any form of denial of these facts other than the general denials contained in his pleadings. Although the moving party bears a heavy burden in satisfying the terms of Rule 56, particularly when he is the claimant, See generally, Stuart Inv. Co. v. Westinghouse Electrict Corp., 11 F.R.D. 277, 279–280 (Neb., 1951), Young v. Atlantic Mutual Insurance Co., 38 F.R.D. 416, 417 (E.D.Pa., 1965), Rule 56 clearly prescribes granting summary judgment when, as here, there is " * * * no genuine issue as to any material fact." To deny summary judgment upon the issue of defendant's liability would be a decision adverse to the policy interest favoring expedition of litigation which underlies Rule 56 and the Federal Rules of Civil Procedure in general. See generally Rule 1, and Moore, Federal Practice, Volume 6, ¶s 56.04[1], and 56.02[1].

■ The Court's decision here is consistent with the 1953 amendments to Rule 56(e), which provide in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judg-

firmatively that the affiant is competent to testify to the matters stated therein." See generally, 608 Hamilton Street Corp.

ment, if appropriate, shall be entered against him."

It should be noted that these amendments were intended specifically to overrule precedent in this Circuit which permitted a party opposing a motion for summary judgment to rely solely upon the allegations contained in his pleading:

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule." See, Advisory Committee's Notes, contained in Moore, supra, ¶ 56.01[14], p. 2022.

Since 1963 the courts of this Circuit have followed the mandate of the Advisory Committee, as contained in Rule 56(e), by granting motions for summary judgment when the opposing party, as here, has limited its opposition entirely to general denials. See, E. G. Hamilton Street, supra, 244 F.Supp. at p. 194; Chartier v. Empire Mutual Insurance Co., 34 F.R.D. 217–218 (E.D.Pa., 1964), Ruddy v. United States Fidelity and Guaranty Co., 40 F.R.D. 484, 486 (M.D. Pa., 1966).

■ Although the amendments to Rule 56(e) discussed above placec greater burden of proof upon the party opposing the Rule 56 motion, the Advisory Committee emphasized that, despite that party's failure to submit matters supporting his position other than the allegations in his pleadings, it might still be inappropriate to grant summary judgment in certain circumstances:

"Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example: Where an issue as to a material fact cannot be resolved without observation of the de-

v. Columbia Pictures Corp., 244 F.Supp. 193, 195 (E.D.Pa., 1965).

meanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition." See, Advisory Committee's Notes, Moore, supra, at p. 2022.

None of these circumstances are present here. None of the facts material to the issue of liability are of such a peculiar nature as to be irresolvable in the absence of observation of the demeanor of witnesses. Moreover, if the defendant was concerned about cross-examination of the affiants whose affidavits were filed by the plaintiff, he had ample opportunity to exercise this right in depositions and he chose not to do so. Finally, if all the relevant evidentiary matter indicates that no genuine material issues of fact exist, summary judgment is appropriate despite the lack of opportunity for the opposing party to cross-examine. See generally, Ruddy, supra, 40 F.R.D. at pp. 484–485, and Moore, supra, ¶ 56.15[4], at pp. 2363–2364. The plaintiff's affidavits and other evidentiary matter have established the absence of any dispute as to the facts establishing defendant's liability, and defendant has neither introduced any significant conflicting evidentiary matter, nor has he shown, by form of affidavit authorized by Rule 56(f), that he is unable to present facts upon which he bases his opposition to the plaintiff's motion.[2]

Although the facts established above support granting a judgment for the plaintiff the parties disagree as to the proper measure of damages. Plaintiff contends that he is entitled to at least the sum of the invoice values of the shipments, whereas defendant argues that the plaintiff is not entitled to that part of the invoice value representing what the plaintiff concedes to be profit.

The relevant language of Title 49 U.S.C.A. § 20(11) is that the " * * * common carrier * * * shall be liable * * * for the full actual loss * * *." Courts interpreting this language have held generally that the shipper is entitled to the market value of the goods as determined at the point of destination at the time delivery should have been made. See generally, Chicago, Milwaukee & St. Paul Railway Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 99–100, 40 S.Ct. 504, 64 L.Ed. 801, and Gore Products v. Texas & N. O. R. Co., 34 So.2d 418, 422 (La.App., 1948). The contract price may be used for determining the market price, See Meletio Sea Food Co., Inc. v. Gordons Transports, Inc., 191 S.W.2d 983, 985 (Mo.App.1946), and, in view of the difficulty in establishing market value, is the best standard here for assessing the plaintiff's damages. See also, United States v. Northern Pac. Ry. Co., 116 F. Supp. 277, 279 (Minn., 1953).

There is authority, however, which limits the shipper's damages to the costs of manufacture when the shipper has replaced, or is able to replace, the lost goods and thus retain his profit on the shipment. See, Meletio, supra, 191 S.W. 2d at p. 985. Although this is the exception to the general rule of damages, See Gore, supra, 34 So.2d at p. 422, the defendant does have a right to establish as a fact that replacement was feasible, and that, therefore, the plaintiff's recovery should be limited to the costs of manufacture. Also, the current record does not reflect what the respective freight charges were or even whether plaintiff has paid them. Since plaintiff's damages will be compensatory in nature

---

**2.** The filing of such an affidavit alone could have presented this Court with a basis upon which it could have denied the plaintiff's motion; at the least, it would have permitted the defendant further time to file opposing affidavits. See, Moore, supra ¶ 56.24, pp. 2871 et seq., and ¶ 56.14[1], p. 2257.

**514**

if plaintiff did not pay these charges his recovery from the defendant should not include this amount. See, E. G. Louisville & N. R. Co. v. Allegri, 215 Ala. 148, 109 So. 881 (1926); Panhandle & S. F. R. Co. v. Shell, 265 S.W. 758 (Tex.Civ. App.1924).

Since there are unresolved facts material to the issue of defendant's damages it would be improper to grant summary judgment for the plaintiff on this issue at the present time. Decision of this part of plaintiff's motion will be stayed for thirty days to permit the filing of affidavits by either party indicating the existence or absence of a dispute as to either of these material facts.

For the reasons discussed above the plaintiff's motion for summary judgment on the issue of defendant's liability is granted. A decision on plaintiff's motion for summary judgment on the issue of defendant's damages will be stayed for a period of thirty days from the date of this opinion.