Joseph **RUDDY**, Plaintiff,

v.

**The UNITED STATES FIDELITY AND GUARANTY COMPANY and the Hartford Steam Boiler Inspection and Insurance Company, Defendants.**

**Civ. No. 9926.**

United States District Court
M. D. Pennsylvania.

June 25, 1968.

**316**

James W. Scanlon, Jr., Scranton, Pa., for plaintiff.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant, Hartford Steam Boiler Inspection and Insurance Co.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND OPINION

SHERIDAN, Chief Judge.

This negligence action was tried in part before a jury. The remaining issues are now before the court for decision.

Plaintiff, Joseph Ruddy, was an employee of H. N. Gardner Company, a heating and plumbing contractor engaged to perform work in the boiler room of the Scranton State Hospital, Scranton, Pennsylvania. Defendant, The Hartford Steam Boiler Inspection and Insurance Company,[1] was the insurer of certain boilers and vessels in the boiler room under an insurance policy issued to the State.

On July 31, 1964, plaintiff was working for Gardner in the boiler room of the hospital. A section of pipe leading from a coil water heater at its connection with a "T" bushing burst and scalding hot water and steam splashed over him causing first, second and third degree burns of the body. The part which burst consisted of the insertion of a brass pipe into an iron fitting which over the years produced an electrolysis thereby causing a weakened condition.

The parties agreed to have certain fact issues submitted to the jury and to have questions of law concerning the interpretation of the insurance contract and duty to inspect, together with any unresolved factual issues, decided by the court. In answer to interrogatories, the jury found there was a defect in the pipe, that a reasonable inspection during each of the years 1962, 1963 and 1964 would have disclosed it, and fixed plaintiff's damages at $15,000.

Jurisdiction is based on diversity of citizenship under 28 U.S.C.A. § 1332. The substantive law of Pennsylvania controls.

Plaintiff's main contention is that Hartford undertook the State's duty to inspect the boilers both as required by statute and regulations issued thereunder, and under the common law, and that its negligent performance of that duty rendered it liable.

Mr. Robert Jones was employed by Hartford to inspect property which it insured, including certain boilers and vessels at Scranton State Hospital. Jones and other employees of Hartford worked somewhat in a dual capacity in that they were commissioned by the State to act as State inspectors.[2] Therefore, when conducting an inspection for Hartford or required by the insurance contract, an employee of Hartford also functioned as a State inspector to see that the boiler system conformed to statutory and regulatory requirements. In September 1962, Jones inspected externally three coil water heaters, described as unfired pressure vessels, in the boiler room of the hospital. There was no inspection of these heaters in 1963 or 1964. There was no inspection at any time of the pipes or bushings leading from the water heaters. The implementing regulations in effect in 1964 and prior years required inspection of the water heaters only under certain pressure and heat requirements [3] which did not exist in the water heaters in the boiler room of the hospital. The regulations did not require inspection of

1. Summary judgment was entered in favor of the other defendant, The United States Fidelity and Guaranty Company. See 40 F.R.D. 484.

2. See 35 P.S. §§ 1304, 1304.1, 1305.

3. The regulations did not require inspections of "Unfired pressure vessels containing liquids under pressure not exceed-250 psi, regardless of size, the temperature of which shall never exceed a value of 25° F. less than the atmospheric boiling point of the liquid."

the piping. The violation of a state statute or governmental regulations made pursuant thereto constitutes negligence which gives rise to liability if it is the proximate cause of the accident. Cf. Quinones v. Township of Upper Moreland, 3 Cir. 1961, 293 F.2d 237; Shafer v. Mountain States Tel. & Tel. Co., 9 Cir. 1964, 335 F.2d 932. Here, since neither the statute nor the regulations required an inspection, it follows that the failure to inspect cannot give rise to liability.

■■ Plaintiff was on the hospital premises as an employee of Gardner, an independent contractor and business invitee. Plaintiff argues that a possessor of land is liable to a business invitee and its employees for negligent breach of the duty described in § 343 of Restatement 2d, Torts;[4] and that Hartford, having assumed that duty, and negligently performed it, is liable under the principle that one who undertakes a duty owed by another must not be negligent in the performance of that duty. Section 324 A (b) of Restatement 2d, Torts provides:

"§ 324 A. Liability to Third Person for Negligent Performance of Undertaking

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

\*   \*   \*   \*   \*   \*

"(b) he has undertaken to perform a duty owed by the other to the third person, \* \* \*."

Section 343 imposes a duty of affirmative care to see that the premises are safe for the reception of a business invitee, or at least to ascertain the condition of the premises and to give such warning that the visitor may decide intelligently whether to accept the invitation or may protect himself against the danger if he does accept it. Section 343, Comment: b. In determining the extent of preparation which an invitee, is entitled to expect to be made for his protection, the nature of the part of the premises involved and the purposes for which it is used are of great importance. Section 343, Comment: e. One using a part of the premises where the public normally traverses is entitled to expect that special preparation will be made for his safety whereas one invited to the boiler room of a hospital is entitled to expect only such safety as he would find in a properly conducted boiler room. Ibid.

■ Moreover, Section 343 A of Restatement 2d, Torts provides:

"§ 343 A. Known or Obvious Dangers

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

"(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."

4. "§ 343. Dangerous Conditions Known to or Discoverable by Possessor
"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
"(c) fails to exercise reasonable care to protect them against the danger."

Here the jury found a defect in the pipe which would have been discoverable by a reasonable inspection during 1962, 1963 and 1964. Assuming the State, as owner of the hospital, breached its duty of inspection for the safety of plaintiff,[5] and that the defect would not have been known or obvious to plaintiff, the evidence does not establish an assumption and breach of that duty by Hartford. Its inspection of the water heaters in 1962 was not an assumption and commencement of such complete and exclusive control of boiler room inspection so as to warrant the finding that it failed to discharge or complete a duty assumed and commenced. Cf. Franklin v. May Department Stores Co., E.D.Mo.1938, 25 F.Supp. 735. Even if Hartford's inspection of the water heaters were an assumption and commencement of the duty to inspect the boiler room, the failure to inspect the pipe and bushing in 1962 was not the proximate cause of plaintiff's injuries in 1964. The evidence is uncontradicted Hartford did not make an inspection in 1963 or 1964 beyond that required by the regulations. It therefore did not undertake any duty of the State to make a general inspection of the boiler room in 1963 or 1964. The State's failure to properly inspect in 1964, especially when it knew that the contractor and its employees were coming on the premises, would be an intervening negligent act which constitutes a superceding cause so as to insulate Hartford from liability. The failure of the State to inspect and maintain its premises in 1963 and 1964 was so extraordinary as not to have been reasonably foreseeable by Hartford. Roadman v. Bellone, 1954, 379 Pa. 483, 108 A.2d 754; Skoda v. West Penn Power Co., 1963, 411 Pa. 323, 191 A.2d 822.

■ Plaintiff also contends that Hartford insured the piping and bush-ing leading from the hot water tank and therefore owed a duty to inspect them. Plaintiff has cited no authority for the proposition that an insurer has a duty to inspect the property it insures. However, even if this were true, it is clear that the piping and bushing were not covered by the policy. Schedule 2 lists the various objects of the policy, their description as set out in Endorsement B(1) and the applicable definitions in Endorsement A(1).[6] The piping and fitting involved in this accident were attached to a hot water tank known as a metal unfired pressure vessel. This fact is not disputed. Item 2 on Schedule 2 refers to Code UV–1a of Endorsement B(1), viz.:

"Metal Unfired Pressure Vessels which are permanently located on the premises of the Assured at the above described Location and which are subject to vacuum or internal pressure other than static pressure of contents, excluding (1) any such Vessel forming an integral part of a rotating or reciprocating machine, (2) Radiators, (3) Hot or Cold Blast Heating or Cooling United and (4) Electric Steam Generators."

This description does not include attached piping. Moreover Item 2 is referenced to Section C of Endorsement A(1) which defines unfired vessels as

"DEFINITION OF OBJECT. 'Object' shall mean any complete vessel designated and described in this Schedule; but shall not include * * (d) any piping leading to or from such vessel * * *."

It is clear that the policy did not cover the piping and bushing involved in this accident.

Judgment will be entered for defendant, The Hartford Steam Boiler Inspection and Insurance Company.

---

5. This opinion does not deal with the immunity of the State from liability even if the duty of care were breached. The State was not sued. Hartford has not claimed that it is clothed with the immunity of the State. The duty of the State as a possessor of land is discussed only insofar as necessary to describe the duty which plaintiff contends Hartford assumed and negligently performed.

6. A photocopy of Schedule 2 is set out in the Appendix to this opinion.

## APPENDIX

Schedule No...... 2...........

Issued.. ...........=...... ........

Canceling Schedule No.......=...........

This Schedule forms a part of Policy No.....86-325.................and is effective from noon of ...August..3,..1961........

Assured. .. ... .....................COMMONWEALTH..OF..PENNSYLVANIA,..ET..AL..... ...................................... .......................

If Endorsement B forms a part of the policy, this Schedule shall not include any Blanket Group Description, set forth in said Endorsement, for which a Code does not appear below.

Location of Objects ... .. .. ..... . .... .. ...... .. ...... ....... .. ...... ... ...... ...... ... . ... ... ... ...... ... . ..................

described below .. . . . ... .=.. ... ... ...............-...... . .. ... ..-...........-.. ............ .... ....... .-..... . ..... ...... .. ..............

|  |  |  | City | County | State |  |
|---|---|---|---|---|---|---|

| Section of Endt. A | Designating Number of Object | Description of Objects — Other Provisions | Coverage |
|---|---|---|---|
| ...........-........ |  |  |  |
| ...`A...... | Blanket.... | Item No. 1 Code B-3 .. . ...... ...... ... ... . .. .... ... . ............ | Broad............ |
| ... C....... | Blanket..... | Item No. 2 Code UV-1a ............ ............... ...... ...... ...... ... |  |
| ...C....... | Blanket.... | Item No. 3 Code UV-2a .. ............ ...... ...... ...... ... ...... ...... |  |
| .....C.... | Blanket.... | Item No. 4 Air Intercoolers ...... . .... ....... |  |
| ......D .... | Blanket..... | Item No. 5 Code AP-2 ... ... ......... ... ...... ...... ...... ... .... .. . ... |  |
| ...E.... | Blanket | Item No. 6 Refrigerating Systems of the .. ...... ... ......... ... ... Compression Type excluding (1) any such System forming a part of a Small Refrigerating Unit having an electric motor with a capacity of 3 h.p. or less driving the Compressor and (2) any such System forming a part of an Air Conditioner Unit of the self-contained cabinet type. |  |

The Hartford Steam Boiler Inspection and Insurance Company