**Jimmie JAMES**

v.

**The H.M.S. PORT LYTTLETON PORT LINE LIMITED.**

**Civ. A. No. 69–1019.**

United States District Court,
E. D. Pennsylvania.

Jan. 8, 1971.

Fine, Staud, Silverman & Grossman, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is a longshoreman action for personal injuries filed against the defendant ship owner. Presently before the Court is the defendant's motion for summary judgment wherein defendant contends that based upon the pleadings, affidavits, and plaintiff's deposition, defendant is entitled to summary judgment.

In his complaint plaintiff has alleged that he sustained injuries on or about August 22, 1968, while aboard defendant's vessel, the H.M.S. Port Lyttleton while the ship was docked at Pier 82 South, in Philadelphia. Defendant twice noticed plaintiff's deposition, on May 15, 1969, and again on June 3, 1969. Pursuant to a court order plaintiff finally appeared for oral deposition on October 9, 1969. His sworn testimony in his deposition was that his injuries arose from an accident on April 2, 1969, not on August 22, 1968.[1]

Plaintiff's counsel, both at oral argument and in his memorandum in opposition to defendant's motion, has represented that both the plaintiff and his attorney, due to a mutual misunderstanding and inadvertence, were under the impression that plaintiff's deposition in this case pertained to an injury sustained in another case. Counsel has stated that the testimony given in this deposition related to an injury sustained on April 2, 1969. It is on this basis that plaintiff urges that we deny defendant's motion for summary judgment. Plaintiff contends that as a result of such mistake we should disregard plaintiff's testimony concerning the date of the accident and consequently a genuine issue

1. Plaintiff's deposition at pages 5 and 6.

**218**

of material fact exists making summary judgment inappropriate. We cannot, however, subscribe to plaintiff's contentions in this case. Assuming that there was a mutual misunderstanding between plaintiff and his attorney that the deposition held on October 9, 1969, pertained to injuries sustained in another case, plaintiff's deposition contains clear testimony that plaintiff did not work at all in 1968. The following excerpt from that deposition clearly demonstrates this:

"Q. Have you ever filed any suit before?

A. Yes.

Q. What? For what injuries?

A. *I was out all of 1968 from a back injury.*

Q. *All of '68?*

A. *That's right.*

Q. Does that mean from January 1 to December 31?

A. I got hurt the fourth day of January '68.

Q. *And you didn't work the rest of '68? Were you hurt again in 1968 besides that time in January?*

A. *I didn't work any.*

\* \* \* \* \* \*

Q. The strike started in December of '68. When was the first day you worked after January 4, 1968? Do you have any idea?

A. After the strike.

Q. I think the strike ended about February 27, 1969. *And you didn't have any other accident in that time between January 1968 and February 1969?*

A. *No.*"

(Plaintiff's deposition, pp. 13–14) (Emphasis ours)

Plaintiff, having had an opportunity to do so, has filed no affidavit in support of its opposition to defendant's motion. There has been no effort to meet the factual matters set forth in his own deposition. Our Circuit Court has repeatedly held that statements of counsel in briefs and in oral argument are not evidence and consequently such statements cannot be used to create an issue of fact here. See Williams v. Murdoch, 330 F.2d 745 (3rd Cir. 1964) at n. 3.

■■ It is clear that this case is one appropriate for summary judgment as no genuine issue of material fact has been placed before the Court. Rule 56 permits the moving party to pierce allegations of fact in the pleadings if facts set forth in affidavits and depositions show that there are no genuine issues of material fact to be tried. Chartier v. Empire Mutual Ins. Co., 34 F.R.D. 217, 218 (E.D.Pa.1964). Mere reliance upon well-pleaded averments in a complaint is not sufficient to deny a properly supported summary judgment motion. See United States v. Webber, 396 F.2d 381, 384 n. 5 (3rd Cir. 1968); First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). On this record the plaintiff cannot fairly be permitted to proceed merely on the basis of his complaint in light of his clear sworn testimony at his deposition that he was unemployed and did not work at all in 1968, a time span which includes the date that this accident is alleged to have occurred. Even assuming that there was a mistake concerning the date of the accident and the scope of plaintiff's deposition, such mistake cannot overcome the unrebutted fact that plaintiff testified that he did not work for the entire period beginning January 1, 1968, through December 31, 1968. The importance of preserving a litigant's rights to a trial is recognized by this Court. However, such right does not extend to the point of permitting any well-pleaded cause of action to be brought to trial where the uncontradicted evidence from the plaintiff's own mouth negates the possibility that a

cause of action in fact exists. We have, therefore, concluded that the defendant on the basis of this record is entitled to summary judgment.