**Charles A. SMITH, dba Smith Landscaping and Excavating, Plaintiff-Appellant,**

v.

**MACK TRUCKS, INC., and Automotive Equipment of Washington, Defendants and Third Party Plaintiffs-Appellees,**

v.

**DETROIT DIESEL—ALLISON DIVISION OF GENERAL MOTORS CORPORATION, Third Party Defendant-Appellee.**

**No. 73–2234.**

United States Court of Appeals, Ninth Circuit.

Nov. 8, 1974.

Edward J. Reasor (argued), Anchorage, Alaska, for plaintiff-appellant.

Paul A. Williams (argued), of Burr, Pease & Kurtz, Inc., Anchorage, Alaska, for defendants and third party plaintiffs-appellees.

Before BROWNING, ELY and GOODWIN, Circuit Judges.

## OPINION

PER CURIAM:

The disappointed purchaser of a new Mack Truck appeals from a summary judgment in favor of the seller in this

diversity claim for consequential damages.

In support of its motion for summary judgment under Fed.R.Civ.P. 56, the seller filed an affidavit and an exhibit setting forth its version of the facts. The purchaser failed to file a counteraffidavit, but orally asserted in the district court that unresolved questions of fact existed. (The only possible question of fact was whether or not a disclaimer of warranty appearing in the purchase order had been "bargained for" within the meaning of Washington law.) A legal memorandum handed to the court in opposition to the summary judgment also purported to tender factual questions, but did not constitute an affidavit or other evidence within the meaning of Rule 56(e).

On this record, there was no error. Legal memoranda and oral argument, in the summary-judgment context, are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. James v. The H.M.S. Port Lyttleton Port Line Limited, 51 F.R.D. 216, 218 (E.D.Pa.1971). Further, any allegations fact contained in appellant's complaint do not create an issue against a motion for summary judgment supported by affidavit. First National Bank v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Chapman v. Rudd Paint & Varnish Co., 409 F.2d 635, 643 (9th Cir. 1969); C. Wright, Federal Courts § 99, at 444 (1970).

Affirmed.