**Patrick F. FLAHERTY,**
**Plaintiff-Appellant,**

v.

**WAREHOUSEMEN, GARAGE & SERVICE STATION EMPLOYEES' LOCAL UNION NO. 334, et al., Defendants-Appellees.**

No. 76–2107.

United States Court of Appeals,
Ninth Circuit.

May 4, 1978.

Rehearing Denied July 24, 1978.

Patrick F. Flaherty (argued), of Dept. of Labor &. Industries, Helena, Mont., for plaintiff-appellant.

George H. Davies (argued), of Vance, Davies & Roberts, Seattle, Wash., for defendants-appellees.

Before BROWNING and KENNEDY, Circuit Judges, and PECKHAM,* District Judge.

PER CURIAM:

Plaintiff-appellant, Patrick F. Flaherty, appeals from a summary judgment in his action for disclosure of union records, for damages and for revocation of a dues increase. He also appeals the denial of his application for leave to file a complaint against union officers pursuant to section 501(b) of the Labor Management Reporting and Disclosure Act (LMRDA). 29 U.S.C. § 501(b) (1970).

FACTS

This lawsuit arose out of a dues increase proposed by Local 334 in May of 1975. The stated purpose of the dues increase was to enable the union to acquire real estate for a new office building and to hire a new business agent. Three days before the general membership meeting at which the increase was to be discussed and voted upon, the plaintiff initiated a series of oral and written demands to be provided with the financial records of the local. The handwritten notes, which are appendices A and B to appellees' brief, specifically requested "voting & proxy procedures & financial statements" and current operating expenses and income as well as information regarding the pension fund. These requests were not complied with and the plaintiff filed suit in Washington state court seeking, among other things, a declaration that the actions taken at the May 31st meeting, i. e., approval of the dues increase and the proposed expenditures, were void. The plaintiff also requested compensatory and punitive damages in the sum of $100,000 and a "complete and adequate accounting of funds, moneys, records, and particularly those matters relating to monetary dispositions by said defendant Union." The complaint contained no allegation that any request had been made of the defendants to take action to remedy the conduct complained of. On June 30, 1975, the defendants removed to the United States District Court for the Eastern District of Washington.

More than eight months later, the defendants filed a motion for summary judgment. This was accompanied by, inter alia, the affidavit of defendant Oscar Upton, Secretary-Treasurer of Local 334 and Local 582, which stated that the plaintiff had offered no reasons in support of his demand for disclosure of the union's financial records. One week after this motion was filed, the plaintiff filed an application for leave to file a complaint against union officers pursuant to section 501(b) of the LMRDA. The application was accompanied by a copy of the original complaint. Plaintiff then filed his response to defendants' motion and accompanied it with one affidavit: that of David Kuttner in which he stated that he had accompanied plaintiff to the union offices on May 30, 1975, "for the purpose of paying dues and obtaining a financial statement so that I could vote intelligibly [sic] at the meeting to increase the dues and fees."

At the hearing on the defendants' motion, Judge Neill ruled that the record before him did not demonstrate that the plaintiff had shown any reasonable cause to inspect the records. He therefore granted the summary judgment motion. Judge Neill also denied the plaintiff's application for leave to file the 501(b) complaint because "It does not allege that the request was made for the union to take the neces-

---

* The Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation.

sary—or the officers to take the necessary action within the union." (Rptr. Tr. 20.)

## THE SUMMARY JUDGMENT

■ Section 431(c)[1] of the LMRDA imposes upon a union an obligation to make available to its members the information contained in its annual financial reports, commonly referred to as LM–2 reports, to the Department of Labor. The statute further requires that the union permit a member "for just cause to examine any books, records, and accounts *necessary to verify such report.*" (Emphasis added.) Appellant never has contended that he desired to examine Local 334's books in order to verify its LM–2 reports and never raised any questions concerning these reports. Rather, appellant contends that just cause is established by the fact that the union officers sought to increase dues and membership fees. While access to union records might indeed result in more intelligent voting, and hence be desirable, that is not the purpose of section 431(c) as is evident from the statute's language and the relatively few cases that have interpreted its just cause requirement.

As appellant points out, the leading case on the just cause requirement, *Fruit & Vegetable Packers & Warehousemen Local 760 v. Morley,* 378 F.2d 738 (9th Cir. 1967), emphasizes that the standard for determin-

ing whether there is just cause is a minimal one. *Id.* at 744. But it is clear from the court's examples that the purpose for the inquiry into the union's records must be to examine the basis for the union's financial report:

> Perhaps it will be that a certain item [on the LM–2 report] is disproportionately high, as in *Rekant v. Rabinowitz,* 194 F.Supp. 194 (E.D.Pa.1961), and *Coratella v. Roberto,* supra, or that an officer contends that he did not incur the claimed expenses, as in *Deacon v. Operating Eng'rs, Local 12,* 52 L.C. 16,609 (Calif.Super.Ct.1965). Irrespective of the nature of the asserted cause, the test must be whether reason would require substantiation.

*Id.* at 744. As stated earlier, the appellant's reasons for examining the records were not related to the union's LM–2 reports. Therefore, Judge Neill properly granted summary judgment for the appellees.[2] *See McCraw v. United Association of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry,* 216 F.Supp. 655 (E.D. Tenn.1963).

## DENIAL OF LEAVE TO FILE A SECTION 501(b) SUIT

■ Section 501(a) of the LMRDA states the duty of union officers "to hold its money and property solely for the benefit of the organization and its members and to man-

1. "(c) Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report." 29 U.S.C. § 431(c) (1970).

2. In his brief, appellant refers to "facts" that would have influenced members to vote against the dues increase. There, however, is no allegation that these "facts" raise any question regarding the local's LM–2 reports, and, in any event, these "facts" were not properly before Judge Neill as they are only statements in the

appellant's response to the appellees' motion for summary judgment. As this court has stated,

> Legal memoranda and oral argument, in the summary-judgment context, are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *James v. The H.M.S. Port Lyttleton Port Line, Limited,* 51 F.R.D. 216, 218 (E.D.Pa.1971). Further, any allegations [sic] fact contained in appellant's complaint do not create an issue against a motion for summary judgment supported by affidavit. *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Chapman v. Rudd Paint & Varnish Co.,* 409 F.2d 635, 643 (9th Cir. 1969); C. Wright, Federal Courts § 99, at 444 (1970).

*Smith v. Mack Trucks, Inc.,* 505 F.2d 1248, 1249 (9th Cir. 1974).

age, invest, and expend the same in accordance with its constitution and bylaws." 29 U.S.C. § 501(a). Section 501(b)[3] provides for suits by members whenever the union's officers refuse to take any corrective action. Such suits, however, can be brought only "upon leave of court obtained upon verified application and for good cause shown."

Appellant's brief evidences a misunderstanding of the basis for Judge Neill's denial of leave to file a 501(b) complaint. He did not, as appellant's arguments assume, grant summary judgment on the 501(b) suit on the ground that plaintiff had failed to exhaust intra-union remedies. While there is a slight basis for this confusion, it is fairly clear from the transcript that (1) Judge Neill denied leave to file the complaint as opposed to granting summary judgment and (2) the basis for this decision was the fact that the complaint did not allege that the union or its officers had been requested to take corrective action and had refused to do so. (Rptr. Tr. 20–21.)

Because section 501(b) extends the jurisdiction of the federal courts, it is strictly construed. *Phillips v. Osborne,* 403 F.2d 826, 829 (9th Cir. 1968). Among the conditions precedent to the filing of such a suit is the requirement that the plaintiff make a demand upon the labor organization or its officers to secure appropriate relief. Id. at 830. "An allegation of the futility of such a request will not suffice." *Coleman v. Brotherhood of Railway & Steamship Clerks,* 340 F.2d 206, 208 (2d Cir. 1965) (cited approvingly on this point in *Phillips, supra* at 830). Failure to allege that the required request has been made has been held to require denial of leave to file the

complaint. *See, e. g., Coleman, supra; Safe Worker's Organization Chapter No. 2 v. Ballinger,* 389 F.Supp. 903, 908 (S.D.Ohio 1974). Since the complaint in the instant case did not contain the requisite allegations, Judge Neill correctly denied appellant's motion for leave to file an action pursuant to section 501(b).

AFFIRMED.

---

3. "When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation." 29 U.S.C. § 501(b) (1970).