Herman **REKANT**

v.

Israel **RABINOWITZ** and Aaron Glatzer.

Civ. A. No. 28345.

United States District Court
E. D. Pennsylvania.

May 17, 1961.

Henry B. FitzPatrick, Jr., Philadelphia, Pa., for plaintiff.

Edward Davis, Philadelphia, Pa., for defendants.

GRIM, District Judge.

Plaintiff, a labor union member, brings this action under section 201 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 431, seeking an order requiring the president and secretary of his union to permit inspection of all books and records of the union relating to certain disbursements referred to in the union's 1959 report filed pursuant to the act.

Defendants have moved to dismiss.

Section 201(c) provides:

"Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization * * * to permit such member for just cause to examine any books, records, and accounts necessary to verify such report * * *."

In his complaint plaintiff points to three items which appear in the union's 1959 report:

"Disbursements to Officers $3000.00
Office and Administration
   Expense $1440.00
Other Disbursements $5852.98"

He states that the report does not disclose the purpose of the "disbursements to officers" or of the "other disbursements", that the item of "office and administrative expense" is too high because the union has only 23 members and no office, that none of these items was ever discussed at union meetings, reported to or voted upon by the members of the union, and that despite his demand upon the union to examine the books and records, he has not been permitted to do so.

Defendants contend that these averments do not state, as the act requires, that plaintiff must examine the records in order to "verify" the report. Defendants contend that verify means to check or test the truthfulness or the accuracy of statements and that plaintiff's averments do not come within this definition since there is no specific averment that the statements in the report are not true or that they are not correct.

 Defendants' contention must be denied. Their contention as to the meaning of the word verify is correct as a dictionary definition, and if the word is construed strictly perhaps that is all it means. But with a wider construction it also can mean to check generally on the accuracy or completeness of a statement or statements. Under the broader definition plaintiff's averments are sufficient and he is entitled to relief under the statute.

Defendants contend also that plaintiff has not made an averment of just cause. This contention also must be denied. The statement: "Other Disbursements $5852.98" certainly is too vague to mean much to the members as are the other statements. Plaintiff should have an opportunity to examine the records to check on this also and, therefore, he has averred just cause.

Defendants contend further that the action must be dismissed because plaintiff has failed to join the union as a party defendant, basing this on the statutory provision (Sec. 201) that

"* * * every such labor organization *and* its officers shall be under a duty enforceable at the suit of any member * * *" (emphasis supplied).

It is sufficient answer to this contention that the individual defendants have possession of the books and records which plaintiff seeks to examine. Moreover, this contention is no defense for these individual defendants.

### Order

And now, May 17, 1961, defendants' motion to dismiss is denied.