Robert W. **SONSTEN** and Charles Lloyd, Plaintiffs,

v.

David **MELENDREZ** et al., Defendants.

No. C-72-1887 AJZ.

United States District Court,
N. D. California.

Feb. 28, 1974.

---

Levy, Van Bourg & Hackler, Victor J. Van Bourg, David A. Rosenfeld, San Francisco, Cal., for defendants.

Robert W. Sonsten in pro per for plaintiffs.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.

ZIRPOLI, District Judge.

This is an action brought pursuant to section 201(c) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 431(c). Plaintiffs are members of Local 304 of the Laborers' International Union of North America. Plaintiff Sonsten is also an auditor of the Local. Defendants are the secretary-treasurer, bookkeeper, and accountant of Local 304. On four different occasions in 1972, plaintiffs requested and were refused permission to examine the books and records of Local 304 used in compiling the Local's LM–2 report for 1971 filed with the Secretary of Labor as required under section 201. Plaintiffs contended that the LM–2 report contained false and misleading facts and opinions, and was not a complete compliance with the Act. When no reply was received in response to these requests, plaintiff Sonsten filed charges against defendant Melendrez which were equally

unavailing, and finally, plaintiffs filed this complaint seeking inspection rights for the period from 1971 until the present based upon section 201(c) and Sonsten's position as an auditor of the Local.

In relevant part, section 201(c) provides:

(c) Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report.

.  .  .

Defendants and plaintiffs have filed cross motions for summary judgment based upon the question of just cause, neither side disputing the jurisdiction of this court or the applicability of the statute to Local 304, or claiming any additional facts are in dispute.

■ The court first notes that plaintiffs made four separate requests to inspect the records sought herein during 1972, and no reply was received to any of the requests. These requests are the equivalent of a demand for the information, and by not replying, the union's officers waived any requirement that plaintiffs put them on notice in the demand as to the just cause for inspecting the records they felt existed. Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley, 378 F.2d 738, 742–744 (9th Cir. 1967).

There remains, however, the statutorily imposed requirement of just cause which plaintiffs must show if they are to succeed in this action. Plaintiffs cite five different examples of financial discrepancies which they claim provide just

cause to inspect the union records. First, there is a claim that the 1972 LM–2 report fails to adequately reflect what plaintiffs allege is a double payment and excessive payment of $1,500 per man to the Local's officers as per diem expenses for their five day attendance at the union's annual convention. Second, in the 1971 report there is no notation of the purpose, security, or repayment plan for a loan of $1,000 made to the union's president, and third, a similar omission occurs in the 1972 LM–2 report which indicates that the loan was repaid. Fourth, there is an alleged misreporting of $100 of plaintiff Sonsten's salary. Finally, plaintiffs claim there is a discrepancy in the 1972 LM–2 report in defendant Melendrez' salary which is reported as $17,344, although Sonsten claims the authorized level is $16,000.

In Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley, *supra*, the ninth circuit stated the required showing of just cause and the logic behind the requirement:

The standard for determining whether there was just cause is necessarily minimal. Just cause need not be shown beyond a reasonable doubt, nor by a preponderance of the evidence. It need not be enough to convince a reasonable man that some wrong has been done; it is enough if a reasonable union member would be put to further inquiry. Perhaps it will be that a certain item is disproportionately high, . . . or that an officer contends that he did not incur the claimed expenses . . .. Irrespective of the nature of the asserted cause, the test must be whether reason would require substantiation.

378 F.2d at 744. In *Morley,* just cause was found where an officer refused to state his salary and admitted a discrepancy in the statement and a supporting schedule over amounts paid to officers. There was also a significant loan listed without any statement of its purpose.

■■ Here plaintiffs claim discrepancies identical in kind to those in *Mor-*

*ley,* and the fact that they are mostly of a lesser degree is offset by their number. Certainly they meet the test of just cause in that they would put a reasonable union member to further inquiry into the financial records of the union. As *Morley* also noted, except when harassment is shown to be the motive, the requirement of just cause was not meant "to pose any barrier to a union member's honest inquiry into the supporting records." 378 F.2d at 743. The court therefore finds plaintiffs have shown just cause to examine the "books, records, and accounts necessary to verify" the 1971 and 1972 LM–2 reports of Local 304. These records are not limited to the two sets of ledgers referred to by defendants as the source of information for the reports, but includes, as specified by the statute, *all* records and other materials necessary to verify the information contained in the reports, and the court expects and anticipates full good faith compliance by defendants with the order entered herein.

Although the allegations in the complaint are directed to the 1971 report only, since there was no 1972 report when the complaint was filed, the prayer asks for inspection rights over supporting documents after that date, and the records in this action demonstrate that all parties were well aware of plaintiffs' continuous efforts to obtain inspection rights of all the Local's records from 1971 to the present.

■ Defendants' allegation that plaintiffs have failed to attempt to obtain these documents through proper channels is without merit. Sonsten requested the 1971 materials four times and received no reply, and following those letters he filed a complaint against the Local's officers, and finally he filed an action in this court. Defendants' bare assertion that he could previously have obtained the records, and their later decision to permit inspection of some of the more recent materials show no bypass of effective union procedures. *See* Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley, *supra,* 378 F.2d at 745.

Lastly, defendants claim plaintiff Sonsten acted irresponsibly by removing certain records from the Local's offices for an hour and one-half while he was an auditor in July, 1971. Despite this conduct, defendants have since May, 1973, permitted plaintiff to inspect the Local's financial records regularly, and therefore, they either are perfectly capable of taking whatever precautions they deem necessary regarding plaintiffs' inspection, or they have waived any objection to plaintiffs' requests on this ground.

■ At the hearing on these motions, defendants moved to dismiss the bookkeeper, McVey, and the accountant, Wharton, from this action since they are only employees and not officers of Local 304. As noted above, section 201 authorizes suits to enforce the inspection rights of members of labor organizations, which may be brought against the labor organization itself and its officers. In order to effectuate the purposes of this section, it is necessary that any court order be binding on those who have actual possession of the books, records, and accounts necessary to verify the LM–2 reports. Where the labor organization itself is sued, this is no problem since any court order necessarily would bind the organization's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order. *See* Fed.R.Civ.P. 65(d). Therefore, anyone who has possession or control of the labor organization's books, records, and accounts necessary for verification of the LM–2 reports, and specifically the organization's accountant and bookkeeper, would be bound. Where the organization itself is not named as a party, as here, effectuation of the statute's purposes therefore requires that those who actually possess the books, records, and accounts may be named as defendants. *See* Rekant v. Rabinowitz, 194 F.Supp. 194, 195 (E.D. Pa.1961).

Pursuant to plaintiffs' request, the court permitted them to file a supplemental memorandum in support of their

position that the motion to dismiss be denied. Plaintiffs no longer claim that defendant McVey possesses any of the material in question; he is in fact no longer employed as bookkeeper of Local 304. Therefore, the motion to dismiss McVey will be granted. With regard to the accountant Wharton, plaintiffs have made a sufficient showing that he is in possession of most, if not all, the original books, records, and accounts necessary to verify the LM–2 reports for 1971 and 1972, and therefore, he is properly named as a defendant, and the motion to dismiss him will be denied. In accordance with the foregoing,

It is hereby ordered that:

(1) Plaintiffs' motion for summary judgment is granted and defendants' motion for summary judgment is denied;

(2) The motion to dismiss defendants McVey and Wharton is granted as to McVey and denied as to Wharton;

(3) Defendants shall make available to plaintiffs for their examination and inspection any and all books, records, and accounts necessary to verify the information contained in Construction and General Laborers Local Number 304's LM–2 reports for the years 1971 and 1972, as required by the provisions of 29 U.S.C. § 431, subject to the following conditions:

(a) A mutually convenient time shall be arranged between plaintiffs and defendants for the inspection to commence, which time shall not be more than 30 days from the date of this order unless all parties agree thereto;

(b) Inspection shall proceed from the appointed time through the end of normal office hours of that day and continue from day to day during normal office hours until completed;

(c) No books or records are to be removed from the union office, altered, or in any way changed except by permission of defendants and subject to any conditions they may impose.