425 F.Supp. 1 (1976)
Ernest GABAUER et al., Plaintiffs,
v.
Leonard WOODCOCK et al., Defendants.
No. 72C 180 (A).
United States District Court, E. D. Missouri, E. D.
December 29, 1976.
*2 Thomas M. Hanna, Clayton, Mo., Prewitt, Jones & Karchmer, Springfield, Mo., Rex Reed, Fairfax, Va., Kilcullen, Smith & Heenan, Washington, D. C., for plaintiffs.
Levin & Weinhaus, St. Louis, Mo., John A. Fillion and M. Jay Whitman, Detroit, Mich., Youngdahl, Brewer, Forster, Huckabay & Uhlic, Little Rock, Ark., Stephen I. Schlossberg, Washington, D. C., for defendants.

ORDER
HARPER, District Judge.
This motion is before the Court on a separate motion of plaintiffs to disqualify the following counsel from representing the individual defendants in this action:
(a) Stephen I. Schlossberg, who is General Counsel of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and any others who have represented said UAW International Union, of which plaintiffs are members;
(b) Youngdahl, Brewer, Forster, Huckabay and Uhlig, and James E. Youngdahl, which firm and attorney are Regional Counsel for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America;
(c) Morris J. Levin, who has been retained as local counsel by the above-named General Counsel Schlossberg herein, and who has thus been retained to represent the said labor organization, or Local 25 thereof; and
(d) Any other attorney (or firm of attorneys with a member thereof) who now represents, or who has previously represented, the said International UAW labor organization, or Local 25, or any subdivision or alter ego thereof.
The grounds relied on by plaintiffs in their motion to disqualify counsel are applicable only to the Section 501 action of Count II. Count I is not mentioned in plaintiffs' motion or the brief in support of the motion. If Count I were the sole basis for this suit, plaintiffs' motion would require little discussion. It has been held that a Section 201 suit may be brought against officials of a union without joining the union as a party. Rekant v. Rabinowitz, 194 F.Supp. 194 (E.D.Pa.1961). This holding is also applicable to § 301 suits since § 201(c) is made applicable by § 301(b) to reports filed under § 301(a). However, it is clear on the face of § 201(c) that, in an action brought under § 201 or § 301, this Court only has jurisdiction over officials in their capacity as officers and not over the officials as individuals. This being the case, it is permissible for a union to supply counsel for defendant officers in a suit brought pursuant to § 201(c).
With respect to Count II, a Section 501 action, in McNamara v. Johnston, likewise a Section 501 action, 7 Cir., 522 F.2d 1157, 1157-67 (Cert. denied 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761), the Court had this to say:
"Union officials charged as defendants in suits of this nature should retain independent counsel and bear the financial burden of their defense. Then, if they prevail, they may properly be reimbursed by the union for the costs of their legal defense. (See Holdeman v. Sheldon, 311 F.2d 2, 3 (2nd Cir. 1962), aff'g 204 F.Supp. 890, 895 (S.D.N.Y.)"
Accordingly, this motion would be sustained except for the prior ruling of this Court dismissing Count II for failure to state a cause of action. In view of such *3 prior ruling the motion is stricken, having been made moot by such ruling.

ORDER
This matter is before the Court on a separate motion of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 25, to intervene.
Rule 24(c), Federal Rules of Civil Procedure, requires that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."
The proposed intervenors' memorandum in support of the motion to intervene states: "As required by Rule 24(c), we submit herewith a copy of UAW's motion to dismiss as the `pleading setting forth the * * * defense for which intervention is sought.'"
A motion to dismiss is not a pleading. Therefore, Rule 24(c) has not been complied with and the motion to intervene is denied.

MEMORANDUM AND ORDER
This action was brought by plaintiffs, citizens of Missouri, and members of the UAW and Local 25, against defendants, who are officers, agents and representatives of UAW. The complaint states that defendant Woodcock is President of UAW; defendant Mazey is Secretary-Treasurer of UAW; defendant Worley is Director of UAW Region 5, Chairman of UAW Region 5 Community Action Program Council, and Administrator of the Chevrolet unit of UAW Local 25; defendant Mattix is Assistant Director of UAW Region 5, and Assistant Administrator of the Chevrolet unit of Local 25; defendant Lavin is President of UAW Local 25; defendant Webster is Recording Secretary of UAW Local 25; defendant Hartzell is Financial Secretary of UAW Local 25; and defendant Young is Financial Secretary of UAW Region 5 CAP Council, and Financial Secretary-Treasurer of the Greater St. Louis UAW CAP Council.
The complaint contains two counts. In Count I jurisdiction is alleged under Section 201(c) and Section 301(a) and (b) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 431(c) and 461(a) and (b). Plaintiffs allege, in part, in Count I that on or about June 12, 1970, defendants Woodcock and Mazey, acting through the International Executive Board of UAW, imposed an administratorship over the Chevrolet unit of Local 25, thereby displacing the authority of the duly elected officers of said local. Defendants Worley and Mattix were designated as Administrator and Assistant Administrator, respectively, and proceeded to assume control and exercise authority over the affairs of the aforesaid Chevrolet unit, together with all of the money and assets of said unit. Plaintiffs further allege in Count I that defendants Woodcock, Mazey, Worley and Mattiz were obligated to file a report pursuant to the provisions of Section 301(a), and the other defendants were obligated to file a report pursuant to the provisions of Section 201(c).
Plaintiffs in Count I seek under 201(c) and 301(a) and (b) to examine books, records and accounts for the years 1967, 1968, 1969 and 1970, necessary to verify the two types of reports. They wish to verify the reports filed by Local 25 pursuant to 201(b) and to verify the reports filed by the UAW pursuant to Section 301(a). In Count I plaintiffs pray the Court to enter an order requiring defendants to make available to plaintiffs, and such attorneys and accountants as may be designated by plaintiffs, all of the records and documents as set out in a letter attached to the complaint for the years 1967, 1968, 1969 and 1970.
Count II is an action brought by the plaintiffs pursuant to the Labor-Management Reporting and Disclosure Act (popularly referred to as the Landrum-Griffin Act, Section 501, 29 U.S.C.) against union officers for breach of fiduciary duty in accordance with general resolutions and the Union constitution authorizing contribution of Union funds to political candidates in social causes.
Plaintiffs pray in Count II, among other things, that the Court issue an order enjoining *4 defendants in their capacities as officers or representatives of Local 25 or the International Union, from making any expenditures for partisan political activities or for support of ideological causes or organizations or groups espousing ideological causes from the duties and fees paid in by plaintiffs and other employees of the General Motors Chevrolet Assembly Plant under and through the compulsory members requirements.
This matter is before the Court on defendants' motion to dismiss.
The basis for dismissal under Count I is:
A): Venue is improper;
B): Failure to state a claim upon which relief can be granted because plaintiffs failed to meet the just cause and specificity requirements of § 201(c) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 431(c), under which jurisdiction is alleged; and
C): This action is, in part, barred by the statute of limitations.
The basis for dismissal under Count II is:
A): Failure to state a claim upon which relief can be granted under § 501 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501, under which jurisdiction is alleged; and
B): This action is, in part, barred by the statute of limitations.
Plaintiffs bring suit not against the UAW or Local 25, but instead against certain officers of these unions, which is permissible. Section 201(c) contains a clause pertaining to venue which provides that "[E]very such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."
Defendants concede that venue is proper as to plaintiffs' demands to examine the records necessary to verify the reports filed by Local 25 pursuant to 201(b). Defendants contend, however, that venue is improper as to plaintiffs' demands to the records necessary to verify the report filed pursuant to 301(a) by the UAW, whose principal office is not located in this district. As this Court reads 201(c), since the UAW was the organization required to file a report by 301, a suit for the records necessary to verify this report could only have been brought against the UAW or its officers and could not have been brought against Local 25 or its officers, even though the report concerned the financial condition of Local 25. A suit under 201(c) cannot be brought against the UAW in this Court since venue would be improper. Regardless of the wisdom of the venue provisions of 201(c), plaintiffs cannot avoid these provisions by bringing suit against the officers of the UAW instead of the UAW itself.
Therefore, that portion of Count I which relates to the report filed by the UAW pursuant to 301(a) should be dismissed for improper venue or transferred to the proper district, whereas that part of Count I which seeks records before the administratorship was imposed on Local 25 would be proper before this Court as against the officers of Local 25, as it has been held that a section 201 suit may be brought against officers of a union without naming the union as a party. Rekant v. Rabinowitz, 194 F.Supp. 194 (E.D.Pa.1961). This holding is also applicable to section 301 suits since 201(c) is made applicable by 301(b) to reports filed under 301(a). However, it is clear on the face of 201(c) that, in an action brought under 201 or 301, this Court only has jurisdiction over officials in their capacity as officers and not over the officials as individuals.
Furthermore, until amended pleadings are filed for that part of Count I over which this Court has venue, the question of the statute of limitations cannot be resolved. With respect to the contention of defendants that Count I should be dismissed for failure to state a claim upon which relief can be granted, there is no merit. Springfield Television, Inc. v. City *5 of Springfield, Mo., 428 F.2d 1375 (8th Cir. 1970), Lewis v. Chrysler Motors Corp., 456 F.2d 605 (8th Cir. 1972).
Accordingly, the defendants' motion to dismiss Count I is sustained on the basis set out above, and plaintiffs are given twenty (20) days within which to file an amended petition in line with this memorandum.
With respect to Count II, the briefs of the parties indicate similar suits involving this same question have been filed against the defendants in several districts around the country. An examination of McNamara v. Johnston, 522 F.2d 1157 (7th Cir. 1974), discloses that case to be one on all fours with Count II of this action, except for some of the named parties. It would be repetitious for this Court to deal with the question here. Suffice it to say that the district court dismissed the complaint for failure to state a claim (D.C., 360 F.Supp. 517), the Seventh Circuit Court of Appeals affirmed, and the Supreme Court denied certiorari (425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761).
Accordingly, the defendants' motion to dismiss Count II for failure to state a claim upon which relief can be granted under Section 501 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501, is sustained.