John H. MALLICK, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., Defendants.

Civ. A. No. 82–1075.

United States District Court, District of Columbia.

Jan. 31, 1986.

Paul Alan Levy, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Terry R. Yellig, Victoria L. Bor, Sherman, Dunn, Cohen, Leifer & Counts, Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiff John Mallick, a member of the International Brotherhood of Electrical Workers (IBEW), seeks to examine IBEW financial records detailing the amount of a settlement and the attorneys' fees IBEW paid in independent litigation to which he was not a party.[1] The facts and procedural history of Mr. Mallick's suit are amply described in the opinion of the Court of Appeals reversing this Court's grant of summary judgment to defendants, *Mallick v. International Brotherhood of Electrical Workers*, 749 F.2d 771 (D.C.Cir.1984), and will not be repeated here.

The Court of Appeals concluded that plaintiff is entitled to examine defendants' records under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401(c) unless "the genuine harm [of disclosure] to the IBEW, pragmatically viewed, outweighs the strong policy favoring access for union members who have otherwise satisfied the statutory requirements for examination." 749 F.2d at 785. It is the District Court's task to strike that balance. *Id.* at 783. Upon review of the parties' cross-motions for summary judgment and the entire record herein, this Court finds that plaintiff is entitled to the relief he seeks as a matter of law.

■ As the Court of Appeals noted, plaintiff's purpose in seeking to examine the records is the investigation of "a sudden, apparently significant, and unexplained change" in the union's litigation expenses. *Id.* at 781. His intent to publish the result of his examination in a newsletter for IBEW members, *see* Affidavit of Charles H. Pillard at 5; Deposition of John Mallick at 26, is consistent with the LMRDA's purpose "of ensuring that union members are sufficiently well informed to participate intelligently in union affairs," 749 F.2d at 781, and "[goes] a very long way to proving just cause." *Id.* at 784. Mallick's apparent hostility to the union leadership, if relevant at all, strengthens his claim for disclosure. *See id.* Thus, Mallick is entitled to relief unless a countervailing, genuine and nonspeculative financial harm to the union would be generated by disclosure. *Id.* at 785.

■ There is no issue of material fact, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), which could lead to a finding that the harm from disclosure would outweigh Mallick's statutorily protected interest. Instead, the harms suggested by defendants' lengthy submission are of the "speculative and remote" character condemned by the Court of Appeals. 749 F.2d at 785. Defendants' principal argument is that disclosure of settlement terms in the *Boswell* litigation "may give the appearance that the IBEW is an easy target and encourage the filing of non-meritorious and frivolous suits." Affidavit of Charles H. Pillard at 3–4. But knowledge of a union's decision to settle one particular case at a particular amount is unlikely to initiate a flood of frivolous lawsuits from potential plaintiffs who already know, with or without that information, that large organizations such as the IBEW have the resources to support large settlements. Thus, frivolous litigation is unlikely to result from mere disclosure, unless the union's settlement was a "bad" one in light of the relative strengths and weaknesses of each side's case in the *Boswell* litigation. In that case, however, Mallick's interest under LMRDA in discovering an unwise expenditure of IBEW funds would also be at its apogee. *See Flaherty v. Warehousemen, Garage and Service Station Employees' Local Union No. 334*, 574 F.2d 484, 486 (9th Cir.1978) (per curiam) (citing *Rekant v. Rabinowitz*, 194 F.Supp. 194 (E.D.Pa.1961)). Moreover, plaintiff correctly argues that defendants' best defense against non-meritorious suits

1. *Boswell v. International Brotherhood of Electrical Workers*, Civ. No. 79–2571 (D.N.J.)

can be found in the sanctions for frivolous litigation available to defendants generally under Fed.R.Civ.P. 11. *See, e.g., Hudson v. Moore Business Forms,* 609 F.Supp. 467, 484 (N.D.Cal.1985).

Defendants' argument that the specific settlement terms in *Boswell,* if disclosed, will become a floor or "minimums which [future] plaintiffs would expect," Pillard Affidavit at 4, borders is not well taken. The Court is certain the future adversaries of IBEW and their counsel will not lack the legal sophistication required to understand that a settlement amount varies with the nature and strength of each individual lawsuit.

The brief affidavit of defendants' expert in economics and statistics, Dr. Jerome M. Staller, largely duplicates the Pillard affidavit, and then offers the conclusion that "[f]rom a theoretical economic perspective it is clear that people (lawyers, plaintiffs) respond to incentives or perceived incentives." Staller Affidavit at 2. His estimate of future litigation costs depends entirely on his factually unsupported projection that disclosure of the *Boswell* settlement will create incentives for future litigation. That issue has already been dealt with by the Court, and Dr. Staller offers no more support for his projection than did Mr. Pillard.

None of the affidavits submitted by defendants' present and former counsel suggest that there was any unusual aspect to the *Boswell* litigation requiring non-disclosure of the settlement terms, and none of them presents evidence that the District Court of New Jersey (as opposed to the parties) considered non-disclosure to be important.

Reading the defendants' submissions in the light most favorable to IBEW, *United States v. Diebold, Inc.,* 369 U.S. at 655, 82 S.Ct. at 994, the Court hereby grants summary judgment in favor of plaintiff.

An order consistent with the above is being entered herewith.