**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GEORGE WILLIAMS, Jr., | No. 11-35031 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-01476-MA |
| v. | |
| J. E. THOMAS, Warden, FCI-Sheridan, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted July 12, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

Federal prisoner George Williams, Jr. appeals the district court's denial of his 28 U.S.C. § 2241 petition for habeas corpus. Williams challenges prison disciplinary sanctions that resulted in a loss of good conduct time credits ("good time") totaling 134 days based on three incidents and seven related incident

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

reports. We have jurisdiction under 28 U.S.C. § 1291, and we "review a district court's denial of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *de novo*." *Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008). The district court's underlying findings of facts are reviewed for clear error. *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003). We reverse in part and affirm in part.

Incident Reports 1633188, 1633234, 1633242

Williams contends that his due process rights were violated during disciplinary hearings that concerned alleged assaults at the Federal Detention Center SeaTac ("SeaTac") in Washington State. Williams had attempted suicide while housed at SeaTac and prison guards alleged he was assaultive when they responded. By the time the resulting disciplinary hearings were held, Williams had been transferred to a different facility. Williams informed the Disciplinary Hearing Officer ("DHO") that he reached an agreement with the officials at SeaTac whereby he would come off suicide watch in exchange for the prison authorities returning his property and expunging the disciplinary charges. A contemporaneously created notation in Williams's prison records from SeaTac states: "Inmate is to be taken off D/S status, given all his property, and all pending sanctions expunged."

Prisoners have a limited procedural due process right to call witnesses at disciplinary hearings so long as it "'will not be unduly hazardous to institutional safety or correctional goals.'" *Ponte v. Real*, 471 U.S. 491, 499 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). "[P]rison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify." *Id.* at 497. Williams asked to have the warden from SeaTac testify about what he alleges was an agreement to dismiss the disciplinary charges against him. The DHO did not allow Williams to call the warden, deeming the proposed testimony irrelevant because the prospective witness would not have stated that Williams did not commit the prohibited acts. In other words, the DHO was under the impression that he was required to determine whether the disputed conduct occurred regardless of whether the officials at SeaTac had or had not agreed to dismiss the disciplinary charges.

The DHO's duties included determining whether the alleged disciplinary infraction occurred and, if it did, fashioning an appropriate sanction. 28 C.F.R. § 541.18 (2008). The proffered testimony from the warden at SeaTac may have been irrelevant to determining whether an infraction occurred, but it was relevant to imposing a sanction. Indeed, if on remand Williams's version of events proves to be accurate, it may demonstrate that no sanction was warranted.

The Bureau of Prisons has a policy of encouraging informal resolution of disputes. *Id.* § 541.14. On this record, we have no way of knowing whether the warden's testimony would have supported Williams's version of events or whether there is a different explanation for the notation in the SeaTac prison records. We decide only that the DHO erred by ruling the testimony irrelevant. Accordingly, we reverse and remand the district court's denial of this portion of the petition for habeas corpus.

Incident Reports 1706615, 1706620

Williams also challenges two sanctions arising from an incident where he refused orders to submit to hand restraints. Williams alleges that his due process rights were violated because he received two sanctions for the same offense. We disagree. Substantive due process requires that there be "some evidence in the record" supporting the decision by the prison disciplinary board to revoke good time. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The DHO's decisions are supported by "some evidence" that Williams refused two separate orders given by two different prison guards. We affirm the denial of this portion of the petition for habeas corpus.

Incident Reports 1720378, 1720411

Finally, Williams argues that his due process rights were violated because the DHO failed to consider video evidence of a second suicide attempt that also allegedly involved Williams assaulting prison guards who responded. According to Williams, the video refutes the guards' testimony that he was combative. Williams cites to *Viens v. Daniels* to support his argument that the DHO impermissibly overlooked the video evidence. 871 F.2d 1328, 1336 n.2 (7th Cir. 1989) (holding that a "prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence offered by a prisoner simply because the record already contains the minimal evidence suggesting guilt required by *Hill*"). *Viens* is inapposite because the record shows the DHO did review the video — as did the district court and this court. We agree with the district court's finding that the video is not conclusive evidence that Williams did not assault the responding guards; at some points, the video does not provide a clear view of Williams. The officers' reports and their medical records provide some evidence that Williams exhibited assaultive behavior in the aftermath of the second suicide attempt. We therefore affirm this part of the district court's denial of the petition for habeas corpus.

Each party shall bear its own costs on appeal. REVERSED in part and AFFIRMED in part.