**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE CONWAY WOOD,

        Plaintiff-Appellant,

  v.

SUE WASHBURN, Superintendent of
Eastern Oregon Correctional Institution
("EOCI"); et al.,

        Defendants-Appellees.

No. 23-35041

D.C. No. 2:20-cv-00362-SB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted January 10, 2025[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

      Plaintiff-Appellant Lance Wood ("Wood") is an Oregon Department of

Corrections ("ODOC") inmate incarcerated at the Eastern Oregon Correctional

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Institution ("EOCI"). He brought claims under 42 U.S.C. § 1983 against Defendants-Appellees, four ODOC officials: Heather Nevil ("Nevil"), an ODOC disciplinary hearing officer, Sue Washburn, EOCI Superintendent ("Washburn"), Melissa Nofziger, an ODOC assistant inspector general ("Nofziger"), and Jerry Plante, an ODOC inspector ("Plante"), for alleged violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. Wood now appeals the district court's denial of his motions for summary judgment and for discovery sanctions, and its judgment for Defendants-Appellees on his due process and First Amendment retaliation claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1.     *Denial of Wood's Motion for Summary Judgment.* Wood asserted he was entitled to judgment in his claims because Defendants-Appellees committed fraud upon the court by submitting contradictory answers in response to Wood's complaint and first amended complaint, and conflicting admissions in response to requests for admissions. "[T]he burden is on the moving party to establish fraud by clear and convincing evidence." *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960), citation omitted, which includes proving that the "fraud . . . is aimed at the court." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir.

2

2003). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harm[ed] the integrity of the judicial process.'" *United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011), quoting *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir.1989).

In Defendants-Appellees' answer to the first amended complaint, they denied allegations that they previously admitted as true in their answer to the complaint. Wood also argues that Defendants-Appellees' responses to his requests for admission contain conflicting admissions related to his misconduct report and whether his urine sample was collected pursuant to administrative rules because surveillance video evidence contradicts those admissions. But answers to a first amended complaint supersede answers to an original complaint, and Defendants-Appellees are therefore not bound by prior admissions. *See Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). Further, "non-disclosure by itself does not constitute fraud on the court." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999), citing *England*, 281 F.2d at 309. Finally, Wood has not shown by clear and convincing evidence that Defendants-Appellees' superseding admissions or the non-disclosures of information in discovery were aimed at the court or harmed the integrity of the judicial process such that it operates as a fraud on the court. Consequently, the district court properly denied Wood's motion for summary

judgment.

2.      *Summary Judgment for Defendants-Appellees: Procedural Due Process Claim.*  To comply with due process requirements during inmate disciplinary proceedings, prison officials must provide an inmate with: (1) written notice of the charges; (2) some time following the notice to prepare a defense; (3) a written decision by the fact -finder; (4) the opportunity to call witnesses and present documentary evidence in his defense when consistent with institutional safety and correctional goals; and (5) assistance from staff or other inmates if the inmate is illiterate or if the case is extremely complex.  *See Wolff v. McDonnell*, 418 U.S. 539, 563–72 (1974).

Wood received written notice of the charges, time to prepare a defense, a copy of the written decision, and nothing shows he was illiterate or required assistance due to the complexity of the case.  Wood was advised of his right to call witnesses and present evidence and made statements on his own behalf.  Moreover, when Wood advised that the misconduct report contained inaccurate information, Nevil recessed the hearing until the next day and reviewed the surveillance videos and investigation report.  Wood contends that Nevil's withholding the investigation report from him and an error in the misconduct report constitute procedural due process violations.  Wood received multiple opportunities to be heard, and due process principles do not require Nevil to turn over confidential investigation

4

materials or rewrite the report to fix an ultimately inconsequential error.

Wood also contends that the other Defendants-Appellees violated his procedural due process rights because he was owed (1) an administrative review of the hearing, and (2) an independent investigation of the matter. But procedural due process does not require an administrative review nor an independent investigation. *See generally Wolff*, 418 U.S. at 563–72. Further, Wood engaged in group pleading against Defendants-Appellees Nofziger and Washburn, but "[l]iability under § 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the district court properly found Defendants-Appellees did not violate Wood's procedural due process rights.

3.        *Summary Judgment for Defendants-Appellees: Substantive Due Process Claim.* Substantive due process requires that "some evidence" support a prison disciplinary decision. *Supt., Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *see also Williams v. Thomas*, 492 F. App'x 732, 734 (9th Cir. 2012), quoting *Hill*, 472 U.S. at 454 ("[D]ue process requires that there be 'some evidence in the record' supporting the decision by the prison[.]")

Wood argues there was insufficient evidence to find a disciplinary violation, but Nevil evaluated the evidence and Wood's arguments that his sample was tampered with and nevertheless concluded Wood violated Contraband I. Indeed, it

5

is undisputed that Wood provided a urine sample, and that sample tested positive for tramadol. Consequently, Nevil met the "minimally stringent" due process requirement that "some evidence" supports finding a violation. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

4. *Summary Judgment for Defendants-Appellees: First Amendment Retaliation Claim.* Wood argues that Defendants-Appellees retaliated against him in violation of his First Amendment rights by bringing false disciplinary charges against him because he filed grievances and worked with other inmates to prepare a class action lawsuit against EOCI.

To prevail on a First Amendment retaliation claim, Wood must prove a state actor took some adverse action against him due to his protected conduct and that action did not reasonably advance a legitimate correctional goal and chilled his exercise of his First Amendment rights. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Wood never filed a grievance prior to collection of his urine sample, so there is insufficient evidence to support holding that Defendants-Appellees retaliated against him for using the grievance system.

Wood's other activities, namely pursuing litigation and assisting others in doing the same, are protected by the First Amendment. *See, e.g.*, *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021); *Rizzo v. Dawson*, 778 F.2d 527, 531

(9th Cir. 1985). In turn, we assess whether Wood presented evidence of retaliatory motive.

Wood contends that the proximity between when he notified EOCI officials that he was preparing a lawsuit in August 2019 and when he was required to provide a urine sample in October 2019 is indicative of a retaliatory motive. But Wood submits no admissible evidence to show that Defendants-Appellees were aware of his plan to file a class action. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (requiring a party to present affirmative evidence to defeat a properly supported motion for summary judgment); *Flaherty v. Warehousemen, Garage & Svc. Station Emp.'s Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) (holding that allegations in a complaint are not evidence and do not create issues of fact). Moreover, he cannot demonstrate that there was no legitimate penological purpose in disciplining him for failure to pass a drug test, particularly when doing so is meant to keep unauthorized drugs out of prison. *See Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997) (holding that legitimate goals of a correctional institution include "keeping drugs out of the prison."). The record does not support a finding that Defendants-Appellees retaliated against Wood for his protected activities, and thus the district court appropriately granted summary judgment for Defendants-Appellees.

5. *Denial of Motion for Discovery Sanctions*. Defendants-Appellees did

7

not produce two video clips from Wood's urinalysis until prompted to by the court. As a result, Wood filed a motion for sanctions. There is no evidence that Defendants-Appellees withheld the videos intentionally or in bad faith, none of the videos support Wood's version of events, and Wood did not suffer any prejudice from the late production because he received the clips prior to the close of discovery and the dispositive motions deadline. *See Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (affirming denial of Rule 37 motion for sanctions where moving party could not demonstrate prejudice). Consequently, the district court did not abuse its discretion by denying Wood's motion for sanctions.

**AFFIRMED.**